**BONNIWELL v. FLANDERS.**

No. 7389.

Supreme Court of North Dakota.

Dec. 15, 1953.

Rehearing Denied Jan. 4, 1954.

26

Lanier, Lanier & Knox, Fargo, for plaintiff-appellant.

Elmo T. Christianson, Atty. Gen., and Lee F. Brooks, Sp. Asst. Atty. Gen., for the State.

MORRIS, Chief Justice.

We have before us appeals from two orders issued by the trial court after entry of judgment by default. The nature of the orders and the appeals therefrom require that they be considered separately.

In August 1951 the plaintiff instituted an action to recover from the defendant hospital, doctor bills, and other expenses incurred by the plaintiff in behalf of his minor son alleged to have been injured through the negligence of the defendant. The amount sought to be recovered is $2,500. The defendant defaulted. The matter then came on before the court for entry of judgment pursuant to a notice of application for judgment and was heard January 15, 1952. The court ordered judgment in the sum of $585.50, damages and costs, which was entered January 18, 1952. An execution issued on this judgment was returned wholly unsatisfied by the sheriff of Cass County on January 18, 1952.

Chapter 39-17, NDRC 1949 Supp. provides for the exaction from the owner of each motor vehicle registered under the laws of this state of a fee of one dollar for the creation and maintenance of an unsatisfied judgment fund. Under prescribed conditions resort may be had to this fund by court order, Section 39-1705, NDRC 1949 Supp., for the payment up to $5,000 of an unsatisfied judgment for an amount exceeding $300 in any action by a resident of the state for damages resulting from personal injury or death occasioned by the ownership, maintenance, operation, or use of a motor vehicle by the judgment debtor. Section 39-1703, NDRC 1949 Supp.

Chapter 259, SLND 1951, which amends Section 39-1704, NDRC 1949 Supp., provides:

"The provisions of section 39-1703 shall not apply in the case of any judgment entered by default, unless the state highway commissioner and the attorney general shall have been given at least thirty days notice prior to the entry of such judgment, to which notice shall be attached a copy of the summons and complaint. Upon receipt of such notice, the attorney general may enter an appearance, file a defense, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and may thereupon, on behalf and in the name of the defendant, conduct his defense, and all acts done in accordance therewith shall be deemed to be acts of the defendant. The attorney general may appear and be heard on any application for payment from the fund and may show cause, if any there be, why the order applied for should not be made."

The plaintiff failed to give the notices to the attorney general and to the state highway commissioner that this statute requires.

On August 7, 1952, the trial court issued an order to the attorney general to show cause why the state treasurer should not pay the judgment out of the fund. Section 39-1705, NDRC 1949 Supp. He appeared at the designated time by Mr. Lee F. Brooks, as special assistant attorney general, who resisted the application on the ground that notices to the attorney general and to the state highway commissioner had not been given before entry of judgment.

As part of his showing the plaintiff produced a document entitled "Waiver of Notice of Taking of Judgment" signed by the attorney general, which reads as follows:

"The Summons and Complaint in the above entitled matter having been read and the Affidavit of P. W. Lanier, Jr. of the firm of Lanier & Lanier having been considered, the thirty-day notice to the office of the Attorney General of the State of North Dakota, before taking Judgment is hereby waived.

"Dated this 1st day of December 1951."

The plaintiff also produced a waiver signed by the state highway commissioner identical in language with that signed by the attorney general except that it is dated March 6, 1952. The affidavit referred to

in both waivers was sworn to on February 27, 1952, and recites:

"P. W. Lanier, Jr., being first duly sworn on oath deposes and says that he is one of the attorneys for the plaintiffs in the above entitled actions; that the above entitled actions were personally served upon the defendant on the 10th day of August, 1951; that Notice of Application for Judgment was duly served upon the defendant on the 24th day of December, 1951; that judgment was taken and entered on the 15th day of January, 1952; that through inadvertence and error, affiant overlooked the 1951 Amendment to the Financial Responsibility Act, and particularly 39–1703 and 39–1704 and failed to notify the State Highway Commissioner and the Attorney General thirty days in advance of the taking of default judgment; that the record of said default judgment is in every respect complete and testimony of a highly reputable physician, Dr. Joel C. Swanson, orthopedic surgeon in Fargo, North Dakota clearly sustains all of the allegations of paragraph IV of said Complaint; that if necessary, the judgment in this matter could be withdrawn and due and proper notice given to the Attorney General and the State Highway Commissioner and judgment then could be taken and entered; that in order to avoid that delay and duplication of work, affiant would like to have the Waiver of the Attorney General and the State Highway Commissioner to said thirty-day notice."

From the record thus presented by the plaintiff it is clear that neither notice to nor an attempted waiver by either the attorney general or the state highway commissioner was had until after judgment by default was rendered against the defendant. On March 23, 1953, the trial court entered an order denying the plaintiff's application and the plaintiff appeals.

 The neat question is whether, after a default judgment has been entered without serving the notice required by Chapter 259, SLND 1951, the attorney general and the state highway commissioner can effectively waive service of the notice and the summons and complaint which are required to be attached to it. The judgment, when and as entered, was neither a liability of nor could it be made the basis of a claim against the unsatisfied judgment fund. The waivers upon which the plaintiff seeks to rely were not merely waivers of the formality of service prior to entry of judgment but were in effect stipulations that the judgment already rendered be made the basis of an order of the district court directing its payment by the state treasurer out of the fund. Clearly the state highway commissioner had no such authority. He is an administrative officer whose duty is prescribed by statute. Chapter 259, SLND 1951 requires that service be made upon him thirty days prior to the entry of judgment. He has no authority to agree that a judgment, entered without giving the notice which the law requires, shall be considered as a claim against the fund as though there had been a compliance with the statute. That is the effect which the plaintiff seeks to give to the waiver. It is an effect clearly beyond the power of the highway commissioner to accomplish by waiver or agreement.

 A more plausible argument can be made with respect to the attorney general who is the chief law officer of the state. Pierce v. Superior Court, 1 Cal.2d 759, 37 P.2d 453, 460, 96 A.L.R. 1020. He may institute legal proceedings necessary to protect the interests of the state and defend all actions affecting public interest. 5 Am.Jur., Attorney General, § 8; 7 C.J.S., Attorney General, § 8. But it is clear to us that without special statutory authorization the attorney general may not by waiver or agreement establish as a basis of liability against the state or one of its funds a judgment rendered in an action to which the state is not a party.

 We are confronted by a novel situation. No help can be obtained from cases where the attorney general has ap-

peared for the state or intervened in an action before judgment. As a general rule the attorney general has control of litigation involving the state and the procedure by which it is conducted. Section 54–1201, NDRC 1943. If the state is a defendant in a civil action, service of the summons may be made upon the governor or attorney general. Section 28–0605, NDRC 1943. Such service is jurisdictional. Company A, First Regiment, National Guard Training School, v. State, 58 N.D. 66, 224 N.W. 661. Under the provisions of Chapter 259, SLND 1951 service on the attorney general and the state highway commissioner is a condition precedent to the right to have an unsatisfied judgment paid out of the unsatisfied judgment fund and is a jurisdictional prerequisite to an order of the district court requiring the state treasurer to make such payment. After entry of judgment waiver of the required notice is no longer a procedural matter. Waiver then affects the substantive right of the state to protect the fund for the attorney general can no longer appear at the trial or enter a defense, as the statute contemplates he may do. Neither can he challenge the amount for which judgment was rendered. The legislature having seen fit to provide a procedure by which a default judgment may be made the basis of an application to the district court for an order directing the payment of the judgment by the state treasurer, it is not within the province of the attorney general or the state highway commissioner, or both, to waive the service provided by such procedure and thus after entry of judgment transform a liability against a private individual into one which the state treasurer may be required to pay. The trial court did not err in denying plaintiff's application.

Section 28–2901, NDRC 1943 provides:

"The court, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, may relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding."

The default judgment taken against Robert Flanders on January 18, 1952, appears to be a perfectly valid and regular judgment. It was not, however, a judgment that was collectable from the unsatisfied judgment fund because of an omission in the proceedings by which it was rendered. That omission was the failure to serve upon the attorney general and the state highway commissioner the notice provided by Chapter 259, SLND 1951. On February 5, 1953, the plaintiff served on the attorney general the following notice:

"To the Attorney General of the State of North Dakota and Mr. Lee Brooks, Special Assistant Attorney General:

"You Will Please Take Notice that the plaintiff will move to set aside the judgment in the above entitled action on the 24th day of February, 1953, at 10:30 a. m., before the Honorable John C. Pollock in the Court House in Fargo, North Dakota."

The notice was accompanied by the following motion:

"Now comes the plaintiff and moves to set aside the judgment in the above entitled action upon the grounds that all of the parties were not before the Court at the time said judgment was taken and that no harm would be done any parties as this motion is made by the plaintiff in the action and the defendant was in default and has made no appearance in the case, and it is desired to set said judgment aside for the purpose of notifying the Attorney General of the later trial so that he can be present to represent the North Dakota Unsatisfied Judgment Fund if he so desires."

Plaintiff appeals from an order denying this motion.

While the relief provided by Section 28–2901, NDRC 1943 specifically applies to a judgment taken against a party,

the court nevertheless has power to afford relief upon similar grounds to a party in favor of whom a judgment has been rendered.

> "It is also claimed by the appellants that a party in whose favor a judgment is entered has no right to apply to have it set aside or modified. No reason is apparent why excusable mistakes should not be remedied on behalf of successful litigants as in case of those not successful. The object to be attained is to do complete justice to all the parties. The right to remedy mistakes is an inherent power with courts and this power extends to all parties to actions." Dedrick v. Charrier, 15 N.D. 515, 108 N.W. 38, 39.

In Banegas v. Brackett, 99 Cal. 623, 34 P. 344, a similar question was presented and the court said:

> "Section 473, Code Civil Proc., provides that the court may relieve a party 'from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken.' Under the provisions of a statute in New York similar to this, it is held that a party in whose favor judgment has been rendered is entitled to relief the same as though the judgment had been rendered against him; that the statute is intended to be remedial, and should receive a liberal interpretation."

See also Thompson v. Alford, 128 Cal. 227, 60 P. 686.

■ We reach the conclusion that under the provisions of Section 28–2901 the court has the same power to grant relief to a party from a favorable judgment as it has where the judgment has been rendered against the applicant. But the plaintiff is not within the terms of the statute because he did not seek relief within a year after notice of the judgment, which in this case means within a year after the judgment was entered, for the plaintiff had it entered himself. In order to warrant the court in setting aside a judgment under the provisions of this statute, the party seeking relief must move promptly and within one year after notice. Keeney v. City of Fargo, 14 N.D. 419, 105 N.W. 92.

■ Another defect in the proceeding also bars the plaintiff from obtaining relief. The judgment is against the defendant Robert Flanders. He was not made a party to the proceedings to have the judgment vacated. The plaintiff completely ignored him and served the notice of motion only on the attorney general. The plaintiff argues that Flanders, having defaulted, no longer had any interest in the matter and was not a necessary party to proceedings looking to the vacation of the judgment. But we cannot say that the defendant had no interest in the judgment merely because it was rendered against him. This is an action for damages in the sum of $2,500 for personal injuries. There is no showing other than his default that he has no interest. The judgment rendered is only a fraction of the amount which the plaintiff sought to recover in the action. The judgment renders plaintiff's entire claim res judicata. When the judgment is vacated the case is again opened up. There is nothing to prevent the entry of a larger judgment once the present judgment is set aside. It may be to the defendant's interest to have the judgment remain as it is.

■ When proceedings are had to set aside a judgment, all parties to the record whose rights would be affected are entitled to the notice. Washko v. Stewart, 44 Cal.App.2d 311, 112 P.2d 306; 31 Am. Jur., Judgments, § 779; 49 C.J.S., Judgments, § 294; 49 C.J.S., Judgments, § 337, page 663; Freeman on Judgments, 5th Edition, § 279. The plaintiff, not having served notice on the judgment debtor, was in effect seeking an ex parte order setting aside the judgment. The defendant was the only other party then of record.

Plaintiff complains that the attorney general, not representing a party to the judgment, was not entitled to appear and resist the motion to set it aside. However, he overlooks the fact that he directed to and served upon the attorney general and his special assistant the notice of motion. He is hardly in a position now to contend that the attorney general had no right to appear. He appeared upon invitation of the plaintiff. The trial court did not err in denying plaintiff's motion to set the judgment aside. The two orders appealed from are affirmed.

GRIMSON, CHRISTIANSON, SATHRE and BURKE, JJ., concur.