COMBS *v.* HYDEN.

[No. 967A74. Filed March 27, 1968. No petition for rehearing filed.]

*R. D. Reading,* of Wabash, for appellant.

PRIME, J. Mabel Combs was properly granted a default judgment in the sum of $10,262.70 in her action against Roger Hyden to recover for personal injuries which were sustained in an automobile collision. The defendant entered a personal appearance, but did not respond to the complaint. He was defaulted after refusing to plead when ordered to do so by the trial court. The judgment was entered on June 17, 1966.

The appellant subsequently attempted to have the judgment in her favor set aside, first by motion and then by complaint.

Personal service by alias summons was eventually had on the defendant pursuant to this complaint, and the defendant again failed to plead. The trial court declined to set the previous judgment aside. The result was, and is, that the original default judgment continues in effect.

Appellant moved for a new trial, which motion was denied; this appeal followed. Appellee has failed, not surprisingly,

to file a brief, for if appellant were to prevail in this court the judgment against appellee would be dissolved. When this court has before it only an appellant's brief, it must reverse if a prima facie case is made for reversal. See *Harrington* v. *Hartman*, 142 Ind. App. 87, (1968), 233 N. E. 2d 189, 12 Ind. Dec. 544, and numerous cases cited therein.

The narrow question we consider is whether or not the trial court abused its discretion in not vacating a default judgment, when the moving party is the one in whose favor the judgment was granted. We think the trial court ruled correctly.

Our Civil Code provides:

"The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, on complaint filed and notice issued, as in original actions within two [2] years from and after the date of the judgment . . ."

Acts of 1881 (Special Session), Ch. 38, § 135, p. 240; 1921, Ch. 115, § 1, p. 277; 1941, Ch. 72, § 1, p. 185; Burns' Indiana Statutes § 2-1068.

The statute is relied upon by appellant in arguing for reversal. She contends that through her mistake, inadvertence, surprise, or excusable neglect, she failed to discover that the defendant had not notified his insurance carrier about the mishap, as he allegedly should have done under the terms of the insurance contract; the carrier was thus allegedly relieved of the obligation to defend the action. Further, she states that the defendant-appellee's impoverished financial condition renders the judgment uncollectible. If the judgment is set aside, appellant argues, she can notify the insurer, and require it to defend the original action.

We have found no reported Indiana case wherein one obtaining a default judgment later attempted to have it set aside. There are, however, similar cases in other jurisdictions..

Generally, such vacation is allowable, regardless of the moving party's ultimate motives, if there is a showing of mistake, inadvertence, or surprise. See 40 A.L.R. 2d ▮ 1121 (1129), and numerous cases cited therein. The general rule might apply in Indiana, even though our statute specifically provides relief from this type of judgment to one *against* whom it is taken, since lower courts must of necessity be granted wide discretion in these matters. We are of the opinion, however, that the rule of generally granting requests to vacate default judgments upon showing of cause, whether made by the prevailing party or the one suffering default, is not dispositive of this appeal.

The case of *Tweed* v. *Lockton* (1932), 35 Del. 474, 167 A. 703, involves facts closely parallel to those found in the case at bar. In that decision the plaintiff, who had been ▮ granted default judgment, moved to have the judgment vacated in order that he might notify defendant's insurance carrier, which the defendant had apparently failed to do. That court, in its refusal to set aside the judgment, stated that there was no evidence of the plaintiff's having been unjustly deprived of any rights to which he was entitled. It found the original judgment to be valid, and held that the probability that it might never be satisfied had no bearing whatsoever on the legal effect of judgment. This reasoning is sound. The plaintiff in the case at bar might have pursued other courses of action in the lower court. She took the risk, however, of seeking an expeditious judgment which, for all practical purposes, may be uncollectible. It may have been mistake or inadvertence in failing to see to it that the defendant's insurer was notified. That inadvertence, if it may be so classified, goes to the ultimate effect of the judgment, not to the judgment itself. The defendant's insurance company would probably have the resources to satisfy this judgment, but that is not the issue. The judgment is binding, in the eyes of the law, against a pauper or a man of property. We cannot, and will not, speculate about what might have

happened had plaintiff chosen some alternative means of obtaining recompense. She chose judgment by default. Her choice may have been made without complete knowledge of the entire set of circumstances surrounding this action, but it is certainly not the function of this court to relieve a litigant from the results of a calculated risk.

We reiterate that the mistake, inadvertence, or surprise, as alleged by appellant, affects conditions subsequent and collateral to the judgment, and cannot be considered, under the facts as presented, as having unjustly denied this plaintiff any of her legally protected rights.

The judgment of the trial court was correctly rendered by it, and is affirmed.

Judgment affirmed.

Carson, C. J., Cooper, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 235 N. E. 2d 77.