SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY *v.* Lannie JACKSON and Ronnie ATKINS

77-97 555 S.W. 2d 4

Opinion delivered July 18, 1977
(In Banc)

154

*Laser, Sharp, Haley, Young & Boswell,* for appellant.

*Matthews & Sanders,* for appellees.

CONLEY BYRD, Justice. Appellees Lannie Jackson and Ronnie Atkins, being the victims of a rear-end collision, obtained a consent judgment against Lawrencetta Phillips, the alleged driver of the other car, and then brought this action pursuant to Ark. Stat. Ann. § 66-4001 (Repl. 1966), against United States Fidelity and Guaranty Company (USF&G) and appellant Southern Farm bureau Casualty Insurance Company (hereinafter referred to as Southern Farm). USF&G defended on the ground that its insured, in whom the car was titled, had fraudulently represented that he would be the principal driver of the automobile. Southern Farm at first defended on the theory that USF&G was the primary carrier and its policy was excess insurance over and above the limits of USF&G's policy. Subsequently, when getting ready for trial and after Lawrencetta had changed her story as to who was the driver at the time of the collision, Southern Farm amended its answer to plead that its policy did not apply due to the fact that Lawrencetta had violated the cooperation clause. Appellees then took a voluntary nonsuit as to USF&G. The trial court in awarding judgment against Southern Farm for the amount of the judgments and for penalty and attorney's fee made the following findings, to-wit:

"(1) That the Defendant [Southern Farm] failed to prove by a preponderance of the evidence that Lawrencetta Phillips was not the driver of the Webb vehicle.

(2) That the Defendant [Southern Farm] is estopped to deny the validity of the policy in a situation such as this in which the policy defense depends on a factual issue previously adjudicated in a suit in which the insurer actually participated."

For reversal of the judgment Southern Farm contends that "the evidence establishes as a matter of law that Lawrencetta Phillips violated the cooperation clause of appellant's policy and that appellant is not precluded from raising this defense by the consent judgment entered in the prior tort action."

The record shows that a vehicle titled in the name of Ira L. Jackson rear-ended appellees' vehicle. A number of people were in the "Jackson or Webb" vehicle at the time of the rear-end collision. Lawrencetta Phillips furnished her driver's license to the investigating officers as being the driver of the vehicle and, in addition, her father paid a traffic fine for her as the driver of the vehicle. Lawrencetta shortly after the rear-end collision gave Southern Farm a statement in which she stated she was driving the vehicle. After USF&G denied any liability for the rear-end collision and refused to provide a defense, Southern Farm furnished Lawrencetta a defense in the tort action through Attorney Sam Laser. Based upon the statement of Lawrencetta, Sam Laser as counsel for Lawrencetta approved the consent judgment in favor of appellees. After this action was instituted by appellees against USF&G and Southern Farm and at a time when Southern Farm's counsel was getting ready for trial, Lawrencetta for the first time took the position that she was not driving the "Jackson or Webb" vehicle at the time of the rear-end collision. She testified at trial that Kevin Criswell, who did not have a driver's license and who was just recently paroled from the Boy's Industrial School, was the actual driver of the car and that she scooted over under the steering wheel and furnished her driver's license to the investigating officers to protect Kevin Criswell.

Appellees furnished other and substantial evidence that Lawrencetta Phillips was the actual driver of the "Jackson or Webb" vehicle at the time of the collision as if that were the only issue. However, as to Southern Farm's defense here, it is

patently obvious that both statements cannot be true. If the first statement were true, then by Lawrencetta's second statement there was certainly a failure to cooperate with Southern Farm within the meaning of the policy which would materially affect Southern Farm's defense that USF&G was the primary carrier. Of course if the second statement made under oath is the true state of the facts, then Southern Farm was materially prejudiced by the first statement upon which it acted. Consequently, under either view Lawrencetta would not be entitled to enforce the policy liability provisions against Southern Farm in an action on her behalf. The fact that Lawrencetta could not recover on the liability policy in question is recognized by the appellees who contend as follows:

> ". . . This Court cannot let the Appellant go back at this late time and relitigate the issue of who was driving the Webb vehicle; and since the alleged act of noncooperation depends upon a resolution of this factual issue, the Appellant is prevented from asserting the noncooperation clause as a defense to this suit. *Appellant's remedy in this situation, is to recover its loss from its own insured for fraudulent misrepresentation.* Appellees cannot be penalized for the mistakes of others at a stage this late in the proceedings." [Emphasis ours]

The law with respect to the rights of the insurer to plead a breach of a policy condition after the collision is set forth in 7 Am. Jur. 2d *Automobile Insurance* § 225 as follows:

> "With regard to a policy of automobile liability insurance voluntarily obtained, the general rule followed by most of the courts is that the breach of contractual provisions relating to acts or omissions subsequent to the accident is, in the absence of collusion between insurer and insured, available to the insurer as against the injured person, if, in the circumstances, it would have been available against the insured. In other words, the injured person stands in the shoes of the insured regarding defenses of this character, except in unusual cases where the effect of the insured's failure to comply with the conditions of recovery may be avoided by com-

pliance by the injured person himself. A number of cases, therefore, support the principle, broadly stated, that if the insured has not complied with a clause in the policy requiring his co-operation, the injured person cannot recover over against the insurer in the absence of an express statutory or policy provision to the contrary in such case. However, the injured person, in an action over against the insurer, is generally held entitled to the benefit of a waiver of the right, or an estoppel on the part of the insurer, to set up as against the insured the latter's breach of a co-operation clause; in other words, that which operates as a waiver or estoppel in favor of the insured also operates as a waiver or estoppel in favor of the injured person."

Our construction of the subrogation rights of a judgment creditor pursuant to Ark. Stat. Ann. § 66-4001 (Repl. 1966), is in accord with the majority view — *i.e.* the injured person stands in the shoes of the insured regarding the defense of failing to cooperate, *Maryland Casualty Company* v. *Waggoner,* 193 Ark. 550, 101 S.W. 2d 451 (1937).

To sustain the action of the trial court, appellees contend that the doctrine of res judicata and collateral estoppel would still apply to Southern Farm. This contention is made upon the assertion that the judgment against Lawrencetta was not only binding against parties but their privies. Appellees are correct that ordinarily an insurer is considered as being a privy to a judgment against its insured in which it furnished a defense and estopped to make an assertion contrary to a finding in the action against the insured. Appellees, however, have failed to observe that the general rule is qualified by the proposition that the general rule only applies in the absence of fraud or collusion. Even under an assigned risk plan an insurer by furnishing a defense to the insured is not estopped to assert fraud or collusion of the insured in an action on the policy, *Strickland* v. *Hughes,* 273 N.C. 481, 160 S.W. 2d 313 (1968). See also 7 Am. Jur. 2d, *Automobile Insurance* § 227.

Having shown that appellees' rights are no greater than Lawrencetta's, that Lawrencetta's conduct prevents Southern Farm from being estopped by the doctrine of

collateral estoppel, and that Lawrencetta could not enforce this liability policy against the defense of failure to cooperate, it follows that the trial court should have entered a verdict in favor of Southern Farm.

As pointed out in *Brogdon* v. *American Automobile Ins. Co.*, 290 Mich. 130, 287 N.W. 406 (1939), this court recognizes that the facts in the case at bar are hard ones and that liability insurance is to protect third parties. However, an insured who knowingly and willfully misrepresents the driver of the insured vehicle at the time of the collision unquestionably and materially affects the insurer's ability to investigate and settle accident claims. Without that ability the liability insurance industry would soon be forced to cease business or charge a premium comparable to those in the assigned risk pool.

For the reasons stated, the judgment against Southern Farm is reversed and the cause dismissed.

Reversed and dismissed.

HARRIS, C.J., dissents.