Paul COSSEY and Grace Cossey v. TRANSAMERICA
INSURANCE COMPANY

CA 88-27                                     757 S.W.2d 176

Court of Appeals of Arkansas
En Banc
Opinion delivered September 21, 1988

*Elcan & Sprott*, by: *Frank C. Elcan II*, for appellants.

*McAllister & Wade, P.A.*, by: *Lynn F. Wade*, for appellee.

JOHN E. JENNINGS, Judge. On April 2, 1977, Grace Cossey was injured in an automobile accident. The driver of the other car was Stephen Crowed, an employee of Builder's United Construction, Inc. At the time of the accident Builder's United was insured by appellee, Transamerica Insurance Company.

On March 7, 1980, Cossey filed a lawsuit against Crowed and Builder's United. No answer was filed and on November 18, 1981, Cossey took a default judgment against both defendants for $17,000.00. On November 27, 1984, Cossey filed a direct action against the insurer, Transamerica. In a second amended complaint filed February 9, 1987, in the direct action proceedings,

Cossey asked the trial court, alternatively, to set aside the default judgment previously rendered in her favor. On October 16, 1987, the trial court granted summary judgment to Transamerica and refused to set aside the default judgment.

On appeal, the sole point relied upon by the appellant is that the trial court erred in refusing to set aside the default judgment under Ark. R. Civ. P. 60(c). We affirm.

Appellant cites no Arkansas cases in which a plaintiff has sought to set aside a default judgment entered in his favor, and we can find none. However, the general rule is that, under appropriate circumstances, he may. *See* Annotation, 40 A.L.R.2d 1121 (1955); *Cf. Combs* v. *Hyden*, 142 Ind. App. 426, 235 N.E.2d 77 (1968). For purposes of this decision we assume, without deciding, that in appropriate circumstances the trial court has the power to set aside a default judgment at the request of the successful plaintiff.

Even so, it is within the sound discretion of the trial court to grant or deny a motion to set aside a default judgment, and the question on appeal is whether there has been an abuse of that discretion. *Burns* v. *Shamrock Club*, 271 Ark. 572, 609 S.W.2d 55 (1980); *Johnson* v. *Jett*, 203 Ark. 61, 159 S.W.2d 78 (1952). Here the plaintiff seeks to set aside her default judgment against Crowed and Builder's United. There is no indication that either defaulting defendant has received notice of the plaintiff's request to set aside her own judgment against them. The accident occurred in 1977 and the default judgment was taken in 1981. It was not until 1987 that the plaintiff, for the first time, sought to have her default judgment set aside.

On these facts we cannot say that the circuit judge abused his discretion in refusing to set aside the default judgment.

Affirmed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the majority decision in this case for two reasons. First, the opinion is based upon a myopic view of what is involved. It is true, as the majority opinion states, that the appellants' point relied upon is that the trial court erred in refusing to set aside the default

judgment entered in appellants' favor. That point, however, involves considerations much broader than the simplistic treatment it is given in the majority opinion.

What happened in this case is that the appellants filed suit against a company and its employee to recover for damages sustained in an automobile accident. The company had liability insurance coverage with the appellee in the case at bar, Transamerica Insurance Company. No answer was filed in the tort suit and appellants obtained a default judgment. The judgment was not paid and appellants subsequently filed suit against Transamerica under the authority of Ark. Stat. Ann. § 66-4001 (Repl. 1980) [Ark. Code Ann. § 23-89-101 (1987)], which gives an injured party a direct action against an insurer where the judgment against the insured is not satisfied.

Transamerica's defense in the suit against it was that its insured, in violation of the insurance policy conditions, failed to notify it of the filing of the suit and failed to cooperate with it in defending the suit. In an amended pleading, the appellants reiterated their prayer for recovery in the amount of the default judgment and, in the alternative, prayed that the default judgment be set aside and the insurance company be directed to defend the merits of the appellants' claim for damages. Based on the pleadings, responses to interrogatories, requests for admission, and affidavits, the trial court granted Transamerica's motion for summary judgment and dismissed appellants' complaint.

Against the background outlined above, it is easy to understand why the appellee is resisting the setting aside of the default judgment against its insured; and it is this unique situation that calls for a look beyond the mere words used by the appellants in stating their point relied upon for reversal. In fact, the appellants are saying if the appellee is really sincere in its position, we will solve its problem and agree that it may defend the merits of the claim against its insured. This brings me to my second reason for dissenting from the decision reached in the majority opinion.

I agree with the statement in the appellants' brief that "the fundamental issue in this case is the public policy consideration of whether the nonfeasance of a tort feasor originally entitled to the benefits of liability insurance coverage should operate to the

detriment of innocent third parties" who are injured by the tort feasor. At the time of the automobile accident in this case, the law enacted by the state legislature provided that the failure to pay a judgment for damages arising out of the use of a motor vehicle would result in the suspension of the registration of all vehicles owned by the judgment debtor unless proof was made of the owner's financial responsibility for their future use by filing a certificate of insurance, or some form of bond, with the Director of the Department of Finance and Administration. *See* Ark. Stat. Ann. §§ 75-1452 to -1463 (Repl. 1979) [Ark. Code Ann. §§ 27-19-706 to -712 (1987)]. It is now unlawful to even operate a motor vehicle in this state without liability insurance coverage. *See* Ark. Code Ann. § 27-22-104 (Supp. 1987). Surely the concern evidenced by these legislative enactments indicates that a narrow and rigid view of the conditions set out in automobile liability insurance policies is contrary to the intent of the legislature.

I do not believe, however, that the appellants are entitled to have the default judgment set aside and the cause of action alleged in that suit tried again. This would overlook the question of whether appellee's ability to defend the suit has been prejudiced. Many courts hold that the failure of an insured to comply with the provisions for notice and cooperation contained in an automobile liability policy will not relieve the insurance company from liability, even where the provisions are made conditions precedent, unless the company was substantially prejudiced by the failure to comply. *See Morales* v. *National Grange Mutual Insurance Co.*, 176 N.J. Super. 347, 423 A.2d 325 (1980); *Hendrix* v. *Jones*, 580 S.W.2d 740 (Mo. 1979); *M.F.A. Mutual Insurance Co.* v. *Cheek*, 66 Ill.2d 492, 363 N.E.2d 809 (1977); *Lindus v. Northern Insurance Company of New York*, 103 Ariz. 160, 438 P.2d 311 (1968); *Fox* v. *National Savings Insurance Co.*, 424 P.2d 19 (Okla. 1967); *M.F.A. Mutual Insurance Co.* v. *Sailors*, 180 Neb. 201, 141 N.W.2d 846 (1966); and *Johnson* v. *Doughty*, 236 Or. 78, 385 P.2d 760 (Or. 1963).

In *Campbell* v. *Allstate Insurance Co.*, 60 Cal.2d 303, 384 P.2d 155, 32 Cal. Rptr. 827 (1963), a leading case on this point, the court held that an insurer cannot assert defenses based upon a breach of the policy conditions pertaining to notice and cooperation unless the insurer is substantially prejudiced thereby and

that the burden of proving that a breach of these conditions resulted in prejudice is on the insurance company. I think the result reached by the above cases is in keeping with the public policy of this state and that the case of *Southern Farm Bureau Casualty Insurance Co.* v. *Jackson,* 262 Ark. 152, 555 S.W.2d 4 (1977), relied upon by the appellee, does not suggest otherwise.

In the case at bar, the record shows that on May 5, 1977, a claims adjuster for appellee wrote a letter to counsel for appellants acknowledging receipt of their letter dated April 18, 1977, informing appellee of the appellants' claims. The accident with appellee's insured occurred on April 2, 1977, and suit was not filed against the insured until March 7, 1980. Nothing in the record shows any breach of policy provisions except the failure of the insured to send the appellee notice of the actual service of summons upon it. From the record I cannot say that this failure substantially prejudiced the appellee; there may have been no valid defense to appellants' claims. Therefore, I think the trial court erred in granting appellee's motion for summary judgment and I would reverse and remand this case for trial of the factual issue of whether there was a prejudicial breach of insurance policy provisions.