HOWARD W. BRILL, Chief Justice, concurring. I concur in the result, but I write separately to explain why res judicata does not apply in this case. ■ As we have noted, the doctrine;of res judicata consists of two facets, claim preclusion and issue preclusion. Carwell Elevator Co. v. Leathers, 352 Ark. 381, 101 S.W.3d 211 (2003). Under the claim-preclusion aspect of res judicata, a valid and final judgment rendered on the merits by a court, of competent jurisdiction bars another action by the plaintiff or- his privies against the defendant or his privies on the same claim. Huffman v. Alderson, 335 Ark. 411, 983 S.W.2d 899 (1998). Issue preclusion, or collateral estoppel, bars re-litigation of issues, that were |n actually litigated, by the parties in a previous suit. Ark. Judicial Discipline Comm. v. Proctor, 2010 Ark. 38, 360 S.W.3d 61. Here, claim preclusion' is inapplicable. The claim raised in the first lawsuit was thé eligibility of Johnston to be a candidate for sheriff in the 2014 general election. In contrast, the claim in this'dispute is his eligibility to be a candidate in the 2016 general election. The claims are different. The 2016 claim could not have been raised in the first lawsuit. ■ Likewise,’ issue-preclusion is inapplicable. The. issue in the 2014 suit was whether the 1.995 misdemeanor conviction disqualified Johnston from running for or holding public office. In contrast, the issue here is whether the conviction, .when sealed under Arkansas statutory law, disqualifies Johnston from running for or holding public office. Neither claim preclusion nor issue preclusion is applicable. Therefore, res judi-cata does not bar this case. DANIELSON, J., joins.