## In Re Louis Art DODRILL

76-54                                    538 S.W. 2d 549

Opinion delivered July 12, 1976

*McArthur, Johnson, Lofton, Wilson & Jacobs,* for petitioner.

*W. Dent Gitchel,* for Supreme Court of Arkansas Committee on Professional Ethics.

FRANK HOLT, Justice. In February, 1975, the circuit court rendered a judgment suspending petitioner's license to practice law for twelve months and ordering that his license "be reinstated thereafter only upon the petitioner's satisfactory passing the regular examination for admission to the Bar administered by the State Board of Bar Examiners." Petitioner argues that the provision of the court's judgment which requires him to satisfactorily pass the regular bar examination is a nullity because the circuit judge was without the power or authority to impose such a condition on the reinstatement of his suspended license. Therefore, petitioner asserts that since the one year period of suspension is completed his license should be forthwith reissued to him.

Proceedings involving the disbarment of an attorney are civil in nature. *Hurst v. Bar Rules Committee of the State of Arkan-*

*sas,* 202 Ark. 1101, 155 S.W. 2d 697 (1941). Amendment 28 to the Arkansas Constitution (1874) provides:

> The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law.

Rule 5 of our Supreme Court Rules on Professional Conduct (1973), promulgated pursuant to Amendment 28, provides in pertinent part:

> If the Judge or Chancellor finds, upon the hearing before him, that the attorney has been guilty of professional misconduct, he shall reprove, reprimand, suspend, or disbar such attorney, as the testimony may warrant . . . .

> Either the Committee or the attorney defendant may appeal to the Supreme Court from the action taken by the Judge or Chancellor. . . .

Further, as to jurisdiction, it was succinctly said in *Feldman v. State Board of Law Examiners,* 438 F. 2d 699 (8th Cir. 1971):

> The principle is firmly established that the judicial branch of the government, acting through the courts, has exclusive jurisdiction to admit, control and disbar attorneys.

Here, in a disbarment proceeding, the trial court clearly had jurisdiction with the power and authority to impose the lesser penalty; i.e., to conditionally suspend petitioner's license "as the testimony may warrant. . . . " which we equate with the imposition of reasonable conditions upon termination of the suspension. If the condition was unacceptable when imposed, petitioner's remedy was by appeal to test the reasonableness of the condition. Admittedly, petitioner failed to exercise his right of appeal within the proper time. Consequently, he is not entitled to a review of his petition which asserts that the court was without the power and authority to require him to pass the bar examination as a condition to the reinstatement of his license.

Petition denied.