Otis Howard WHITE *v.* AIR SYSTEMS, INC. and
Commercial Union Insurance Companies

CA 90-136                                          800 S.W.2d 726

Court of Appeals of Arkansas
Division II
Opinion delivered December 26, 1990

*Melissa E. Smith*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Eldon F. Coffman* and *Douglas M. Carson*, for appellees.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case was injured at work on November 17, 1988, and he filed a claim for benefits which was controverted by the appellees. The administrative law judge awarded benefits, and the appellees appealed to the Workers' Compensation Commission, which reversed the administrative law judge's award of benefits and denied the claim. From that decision, comes this appeal.

The appellant contends that the Workers' Compensation Commission erred in applying the doctrine of res judicata to portions of the administrative law judge's opinion. We agree, and we reverse.

The record shows that, at the hearing before the administrative law judge, the appellees alleged that the appellant had suffered a prior back injury in 1978, and asserted that the

appellant's claim was barred under *Shippers Transport* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979). The *Shippers Transport* court adopted the rule that false representation as to physical condition in procuring employment will preclude workers' compensation benefits for an otherwise compensable injury if it is shown that:

> 1)   the employee knowingly and wilfully made a false representation as to his physical condition;
>
> 2)   the employer relied on his false representation, which reliance was a substantial factor in the employment; and
>
> 3)   there was a causal connection between the false representation and the injury.

*Shippers Transport*, 265 Ark. at 369.

The administrative law judge found that the appellees had established both the first and the third requirements of the *Shippers* defense, but failed to establish the second requirement, i.e., the employer's reliance. The administrative law judge concluded that the claim therefore was not barred under *Shippers Transport*, *supra*, and awarded benefits. The appellees filed a petition for a review by the full Commission, stating as grounds that "[t]he findings and award of the administrative law judge are contrary to the law and the evidence, and the administrative law judge erred in his application of the law to the facts." No petition for cross appeal was filed by the appellant.

The Commission, however, confined its review to a single issue. In its opinion, the Commission explained its reasons for doing so as follows:

> The only issue on appeal before this Commission is whether the respondent has proven by a preponderance of the evidence that it substantially relied upon claimant's false representation in hiring him; thereby, proving the second element of the *Shippers* defense. The Administrative Law Judge in his June 30, 1989, opinion, found that the respondent had met both the first and third requirements of the *Shippers* defense. Neither of those findings was appealed; therefore, they became final and are now *res judicata*. Since those findings are now res judicata, we will

not consider them on appeal. That leaves only the question of whether the respondent has satisfied the second element of the *Shippers* defense.

The Arkansas Workers' Compensation Commission is not an appellate court. *Shippers Transport, supra.* It is, instead, the factfinder, and as such its duty and statutory obligation is to make specific findings of fact, on de novo review based on the record as a whole, and to decide the issues before it by determining whether the party having the burden of proof on an issue has established it by a preponderance of the evidence. *See Shippers Transport, supra; Johnson* v. *Hux*, 28 Ark. App. 187, 772 S.W.2d 362 (1989); *Jones* v. *Tyson Foods, Inc.*, 26 Ark. App. 51, 759 S.W.2d 578 (1988); Ark. Code Ann. § 11-9-705 (a)(3) (1987).

The Commission's decision to limit review to the second element of the *Shippers* defense was wrong for two reasons. First, the doctrine of res judicata applies only to final orders or adjudications, *Sikes* v. *Segers*, 263 Ark. 164, 563 S.W.2d 441 (1978), and the filing of a petition for review with the full Commission within 30 days prevents the order of the administrative law judge from becoming final. Ark. Code Ann. § 11-9-711(a)(1) (1987).

Second, the petition for review filed by the appellees did not limit the issues to be presented to the Commission: instead, the issue before the Commission, as presented in the petition for review, was whether "the findings and award of the administrative law judge are contrary to the law and the evidence." Although the Commission has the statutory authority to require that parties specify all the issues to be presented for review, *McCoy* v. *Preston Logging*, 21 Ark. App. 68, 728 S.W.2d 520 (1987), it also has the statutory duty to decide the issue before it on the basis of the record as a whole, Ark. Code Ann. § 11-9-704(c)(2) (1987), and to decide the facts de novo. *Tyson Food, Inc.* v. *Watkins*, 31 Ark. App. 230, 792 S.W.2d 348 (1990). The petition for review in the case at bar called into question the administrative law judge's award and all the findings on which it was based. Although the appellant did not file a petition for cross appeal as he was permitted to under Ark. Code Ann. § 11-9-711 (1987), no cross appeal was necessary because the appellant had prevailed before the administrative law judge and sought no

affirmative relief before the Commission. *See Moose* v. *Gregory*, 267 Ark. 86, 590 S.W.2d 662 (1979).

██ When compensation is denied, the Commission must make findings sufficient to justify that denial. *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). All of the administrative law judge's findings were before the Commission for de novo review in the case at bar, and we hold that the Commission's finding that the appellees proved the element of employer's reliance under *Shippers Transport, supra,* was, by itself, insufficient to justify denial of compensation. When the Commission fails to make specific findings upon which it relies to support its decision, reversal and remand of the case is appropriate, *Wright* v. *American Transportation, supra,* and, accordingly, we reverse and remand. Given our resolution of this issue, we find it unnecessary to address the second argument advanced by the appellant.

Reversed and remanded.

CORBIN, C.J., and JENNINGS, J., agree.