Louis Arthur DODRILL *v.* EXECUTIVE DIRECTOR,
Committee on Professional Conduct

91-252                                    824 S.W.2d 383

Supreme Court of Arkansas
Opinion delivered February 10, 1992
[Rehearing denied March 16, 1992.*]

*Hays, J., not participating.

*Louis Arthur Dodrill*, pro se.

*Meeks & Carter, P.A.*, by: *W. Russell Meeks III*, for appellee.

ROBERT L. BROWN, Justice. This case is an appeal from action taken by the Supreme Court Committee on Professional Conduct suspending the attorney's license of the appellant, Louis Arthur Dodrill, for one year for violating Rules 1.1, 3.1, and 8.4(D) of the Model Rules of Professional Conduct. The complaint was filed against the appellant by United States Bankruptcy Judge James Mixon under Rule 5.A of the Rules of the Court Regulating Professional Conduct of Attorneys at Law and was premised on allegations of incompetence, abusive behavior, and frivolous litigation. We affirm the findings of the Committee and the one-year suspension of the appellant's license.

On December 7, 1988, the appellant, representing Bobby Bratton, a debtor in a bankruptcy proceeding, filed a complaint in federal district court against Bratton's former bankruptcy attorneys, the law firm of Mitchell, Williams, Selig, Jackson & Tucker. The complaint sought damages in the amount of $15,184,571. The appellant amended the complaint on February 3, 1989, and requested permission to add Charles Darwin Davidson, who is an attorney and was also trustee of Bratton's estate in bankruptcy, and the Davidson Law Firm, Ltd., as defendants. The federal district court entered an order on March 23, 1989, referring the action to the Bankruptcy Court for the Western District of Arkansas.

On March 31, 1989, the Mitchell firm filed a motion to

dismiss the complaint for lack of subject matter jurisdiction and lack of standing. On April 26, 1989, the appellant moved to dismiss the complaint against the Mitchell firm, and the bankruptcy court entered an order on May 11, 1989, granting the motion to dismiss without prejudice.

On May 16, 1989, Davidson and the Davidson Law Firm also moved for dismissal. Bankruptcy Judge James G. Mixon held a hearing on the motion on June 6, 1989, and treated it as a motion for summary judgement. Judge Mixon granted the parties twenty days to file additional motions or affidavits. Davidson and the Davidson Law Firm filed timely affidavits; the appellant did not. On September 11, 1989, Judge Mixon granted summary judgment to Davidson and the Davidson Law Firm. The appellant did not appeal the judgment.

The appellant then moved in bankruptcy court to remove Davidson as Bratton's trustee on grounds of fraud and waste. A hearing on this motion was held on August 30, 1989, at which time the appellant failed to produce any evidence of fraud, waste, or other misconduct on Davidson's part. At the conclusion of Bratton's case, Judge Mixon granted a directed verdict to Davidson. Again, no appeal was taken by the appellant.

On October 18, 1989, the appellant filed another complaint in bankruptcy court against Davidson, the Mitchell firm, and a third-party corporation — Bibler Brothers, Inc. — on Bratton's behalf and alleged wrongful conduct. He sought $158,903.65 in damages. The three defendants all filed motions to dismiss. After a hearing on the motions, the appellant moved to dismiss the complaint, and his motion was granted.

Three motions for sanctions against the appellant and Bratton were filed: on May 16, 1989, by Davidson; on November 7, 1989, by the Davidson Law Firm; and on November 22, 1989, by the Mitchell firm. The parties alleged in each motion violations of Bankruptcy Rule 9011, which provides that an attorney verifies the veracity of a pleading by his signature and certifies that the cause of action is brought in good faith. Sanctions in the form of costs and attorney's fees were sought by the movants for breach of the rule.

In a Memorandum Opinion dated August 2, 1990, Judge

Mixon ruled in favor of the movants and stated in part: "Due to their frustration, anger, and ignorance, both Dodrill and Bratton incorrectly assumed that Davidson, the Davidson Law Firm, and the Mitchell Law Firm were guilty of various acts of misconduct. The evidence, however, reveals no acts of misconduct." Judge Mixon stated further: "Dodrill and Bratton have been irresponsible in their behavior before this Court. They have failed to review the law to determine whether the facts are relevant to support entitlement to the relief being sought. Additionally, Dodrill has continuously displayed a complete lack of competence in the practice of bankruptcy law. The conduct of Dodrill and Bratton is inexcusable, and unquestionably warrants the imposition of sanctions." The Davidson Law Firm and Charles Darwin Davidson were awarded a combined total of $19,261.43 for litigation expenses and attorney's fees, and the Mitchell firm was awarded $8,987.93.

Judge Mixon then filed a copy of his August 2, 1990, Memorandum Opinion as a complaint against the appellant with the Supreme Court Committee on Professional Conduct. The judge also attached as an exhibit to his complaint an Order dated February 26, 1990, which catalogued, according to Judge Mixon, "previous inappropriate acts" on the appellant's part at various hearings and which highlighted "derogatory and unprofessional remarks toward opposing counsel and the Court." The judge in his order assessed a sanction of $100 against the appellant for criminal contempt of court. The appellant was subsequently placed briefly in the custody of the U.S. Marshall due to his stated inability to pay the fine.

Following an investigation, the Supreme Court Committee on Professional Conduct informed the appellant in a letter dated January 23, 1991, that it had found his conduct to be "a violation of Rules 1.1, 3.1 and 8.4(d) of the Model rules of Professional Conduct as amended by the Arkansas Supreme Court" and reprimanded the appellant. The Rules cited by the Committee in pertinent part are:

RULE 1.1 Competence

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably nec-

essary for the representation.

RULE 3.1 Meritorious Claims and Contentions

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. . . .

RULE 8.4 Misconduct

It is professional misconduct for a lawyer to: . . . (d) engage in conduct that is prejudicial to the administration of justice . . . .

By letter dated January 31, 1991, the appellant requested a public hearing on the decision and the reprimand. A *de novo* hearing was held on May 18, 1991, pursuant to Rule 5.F.(1) *Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law*. At that time, Judge Mixon appeared as a witness and was cross-examined by the appellant, who acted *pro se*. Based on the testimony and exhibits introduced at the hearing, the Committee affirmed its previous conclusion that disciplinary action against the appellant was warranted. The Committee, however, increased the penalty to be assessed. By letter dated May 29, 1991, the Committee advised the appellant that he was "suspended from the practice of law for a period of one (1) year." The letter noted, among other reasons for the decision, that the appellant had admitted at a hearing before Judge Mixon that he knew "nothing whatever about bankruptcy," that he was "thoroughly incompetent in bankruptcy court," and that he had "no business being there." The Committee stated that the decision of the Committee was unanimous.

The appellant now raises six points for relief. The appellant first contends that Judge Mixon, as a judge in bankruptcy, is not a judge of a court of record in this State. Only judges of courts of record are excepted from the requirement that a complaint be verified under Section 5.A of the *Rules of the Court Regulating Professional Conduct of Attorneys at Law*. According to the appellant's theory, because Judge Mixon's court is not a court of record, his unverified complaint was defective and improperly accepted and investigated by the Committee.

■ We dispute the appellant's initial premise. Judge Mixon is a judge of the Bankruptcy Curt for the Western District of Arkansas. His court easily qualifies as a court of record, as the Committee found. *Black's Law Dictionary* contains this definition for a court of record: "A court that is required to keep a record of its proceedings, and that may fine or imprison. Such record imports verity and cannot be collaterally impeached." *Black's Law Dictionary*, p. 353 (6th Ed. 1990). The Bankruptcy Court for the Western District of Arkansas is a court where proceedings and testimony are recorded. Also, it is a court where common law is adhered to, and where the judge may exercise the contempt power, as Judge Mixon did in the case before us. Though further reason is not required, we do note that Judge Mixon testified under oath before the Committee and repeated the same allegations that were contained in his complaint against the appellant.

■ The appellant next argues that he was entitled to protection under the Uniform Federal Rules of Disciplinary Enforcement or, stated another way, that the federal procedure should have been followed rather than the state disciplinary process before the Committee. We do not agree. The appellant hinges this contention on Judge Mixon's admission during discovery that attorneys practicing in the bankruptcy courts in Arkansas are subject to the Uniform Federal Rules of Disciplinary Enforcement. That answer, however, in no way divests the State Committee or the Arkansas Supreme Court of the authority to discipline lawyers for incompetent practice and abuse of process.

■ The Arkansas Constitution is clear that the Supreme Court regulates the practice of law in this state and the professional conduct of practicing attorneys. Ark. Const. amend. 18. Inherent in this authority is the power to admit or disbar lawyers. *See Feldman* v. *State Bd. of Law Examiners*, 438 F.2d 699 (8th Cir. 1971). In the case of *In re Dodrill*, 260 Ark. 223, 538 S.W.2d 549 (1976), we quoted from *Feldman* and stated that it is firmly established that the judicial branch of government, acting through the courts, has exclusive jurisdiction to admit, control and disbar attorneys. There is no doubt that this court operates well within its constitutional authority when it considers disciplinary appeals such as the case before us. The fact that federal

disciplinary rules may also exist affects the exclusive jurisdiction of this court over the conduct of this state's attorneys not one iota.

For his next point, the appellant argues that the Committee impermissibly delegated to its chairman the authority to decide the appellant's motion to dismiss on September 4, 1990. The Committee chairman denied that motion in a letter dated September 11, 1990, and the appellant failed to broach the issue of the chairman's authority to the Committee at the formal hearing on May 18, 1991, or at any other time for that matter. The Committee chairman further denied the appellant's two post-hearing motions. Again, the appellant failed to bring the issue to the attention of the full Committee.

The mere fact that Rule 3 of the Rules of Professional Conduct provides that a majority of the Committee shall constitute a quorum does not decide the issue. Nothing in the rules denies the chairman the delegated power to decide motions. At no point was the issue raised before the full Committee. The issue was not preserved for appeal, and the appellant's argument is without merit.

The appellant also advances ignorance of the disciplinary process as a basis for relief. Specifically, he urges that he was unaware that a hearing before the full Committee could result in a greater penalty by virtue of *de novo* review. Our rules, however, are precise and unambiguous in stating that if a hearing is requested, the Committee "will hear the complaint *de novo* under the rules for public hearings." Rule 5.F.(1), *Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law*. The rules themselves afforded the appellant sufficient notice, and he has no basis for arguing this point.

The appellant's remaining arguments are either redundant or contest the one-year suspension under these facts. Again, we cannot agree. The Committee heard testimony from Judge Mixon that the appellant admitted that he was incompetent in bankruptcy matters and yet he filed several motions and complaints, and engaged in multiple hearings in that forum without the requisite competence. According to Judge Mixon, his behavior was continually insulting, abusive, and disruptive to the court, to witnesses, and to opposing counsel despite repeated warnings. For example, rather than engage in simple discovery to prove his

point, the appellant's course was to assail opposing counsel as liars and embezzlers. His allegations with regard to Davidson, the Davidson law firm, and the Mitchell firm in the second lawsuit were not founded in fact according to the appellant's own admission, and apparently were brought for the purposes of harassment and intimidation rather than for legitimate purposes. The appellant himself agreed that all he wanted was a clarifying order in bankruptcy court; yet, rather than pursue that course, he sued the attorneys involved for wrongful conduct. Only after a full hearing did he move to dismiss the complaint.

We do not countenance such conduct in the courts of this state. Our rules and the Committee's investigation, review, and decision are designed to thwart and penalize precisely this kind of activity. A one-year suspension, though certainly serious, is not unduly severe under the facts of this case.

Affirmed.

HAYS, J., not participating.