CROCKETT & BROWN, P.A. *v.* William R. WILSON, Jr.; Gary D. Corum; John R. Byrd; Allstate Insurance Company; Richard Courson; and Randall Averett

93-249                                                864 S.W.2d 244

Supreme Court of Arkansas
Opinion delivered November 1, 1993

*Crockett, Brown & Worsham, P.A.*, by: *C. Richard Crockett*, for appellant.

*Wright, Lindsey & Jennings*, by: *Edwin L. Lowther, Jr.*, and *Stephen R. Lancaster*, for appellees.

DAVID NEWBERN, Justice. The law firm of Crockett & Brown, P.A., filed suit in Pulaski Chancery Court to obtain an attorney's fee for representing Richard Courson. The Chancellor awarded a summary judgment against Crockett & Brown as the suit was barred by *res judicata.* We affirm the Chancellor's decision as some aspects of the suit are barred by *res judicata* and others by collateral estoppel.

We first addressed this matter in *Crockett & Brown, P.A.* v. *Courson,* 312 Ark. 363, 849 S.W.2d 938 (1993). The facts from which this dispute arose are set forth in that opinion. Briefly, Crockett & Brown was retained to represent Richard Courson who was severely injured in a turkey hunting accident by Richard Averett. Courson agreed to pay Crockett & Brown a $7,500 retainer and a maximum of $15,000 in hourly fees, plus 10% of any settlement he received in excess of $30,000.

Crockett & Brown filed Courson's suit against Averett in Ashley Circuit Court and quickly negotiated a settlement offer of $100,000. Mr. Courson's rejection of that offer led to a disagreement with Crockett & Brown. Mr. Courson dismissed Crockett & Brown and retained William R. Wilson, Jr., Gary Corum, and John Byrd to represent him. These attorneys began negotiations which ultimately led to a $300,000 settlement for Mr. Courson.

During these negotiations, Crockett & Brown moved the Circuit Court to attach an attorney's lien, pursuant to Ark. Code Ann. § 16-22-304(b) (Supp. 1991), to any settlement Mr. Courson might receive. The Court held that Crockett & Brown had been discharged for cause; however, pursuant to Ark. Code Ann. § 16-22-303 (1987), the firm was entitled to a reasonable attorney's fee and costs totalling $17,541.27, less the $7,500 retainer.

We upheld that result in *Crockett & Brown, P.A.* v. *Courson, supra,* although not on the basis of the Statute. In a

supplemental opinion we stated that, while Crockett & Brown was entitled to a reasonable fee, the statutory attorney's lien provided in Ark. Code Ann. §§ 16-22-301 to 304 (Supp. 1991) was not applicable as Crockett & Brown had been dismissed by its client for cause. The statutory lien is available to attorneys who have been dismissed only if they have been fired without cause. *Crockett & Brown, P.A. v. Courson*, 312 Ark. 377A (1993).

While that appeal was pending, Crockett & Brown brought a new lawsuit in Pulaski County Chancery Court. This suit named as defendants Richard Courson, his new attorneys, Randall Averett, and Mr. Averett's insurer, Allstate Insurance Company. This suit sought an attorney's lien pursuant to § § 16-22-301 to 16-22-304, for a $100,000 attorney's fee incurred while Crockett & Brown represented Mr. Courson.

The defendants moved for summary judgment stating that Crockett & Brown's claim was barred by *res judicata*. The motion was granted.

■■ *Res judicata*, or claim preclusion, bars subsequent action on the same claim where a final judgment has been rendered by a court of competent jurisdiction. *Toran v. Provident Life & Accident Ins. Co.*, 297 Ark. 415, 764 S.W.2d 40 (1989) (citing Restatement of Judgments, 2d, § 19 (1982)). Four elements must be met for *res judicata* to apply: (1) the first suit must have resulted in a final judgment on the merits, (2) the first suit must be based on proper jurisdiction, (3) both suits must involve the same cause of action, and (4) both suits must involve the same parties or their privies. *Robinson v. Buie*, 307 Ark. 112, 817 S.W.2d 431 (1991).

■ Collateral estoppel, or issue preclusion, bars relitigation of issues, law or fact, actually litigated in the first suit. *See Toran v. Provident Life & Accident Ins. Co., supra.* For collateral estoppel to apply, the following elements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) that issue must have been actually litigated, (3) the issue must have been determined by a valid and final judgment, and (4) the determination must have been essential to the judgment. *Fisher v. Jones*, 311 Ark. 450, 844 S.W.2d 954 (1993).

The basis of Crockett & Brown's appeal is that none of the elements of *res judicata* have been met. Analyzing each of these elements, we find the Chancellor was correct in ruling that Crockett & Brown is barred from bringing its current lawsuit. However, that conclusion requires the application of both the doctrine of *res judicata* and that of collateral estoppel.

## 1) *Final judgment on the merits*

Crockett & Brown contends the order of the Circuit Court, which established Crockett & Brown's attorney's lien, is not a final order. Crockett & Brown claims that, to be a final order, a court must enter a disbursement order. Crockett & Brown also argues the decision was not final when the Pulaski Chancery suit was filed because the Circuit Court order was on appeal.

While the lien established in the Ashley County Circuit Court and affirmed here has not been foreclosed, the order is final in that it establishes and defines Crockett & Brown's rights in any settlement Mr. Courson may receive. Finality for purposes of appeal is closely related to finality for purposes of *res judicata*. *See*, 1B JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE (2d ed. 1985) ¶ 0.416[3]. The basis of Crockett & Brown's first appeal was the Circuit Court order. That order was final for purposes of appeal. Ark. R. App. P. 2(a)(2) & (8).

The fact that entitlement to the fee had been established but not foreclosed upon is of no avail to Crockett & Brown. To assume further proceedings are needed to collect the fee is speculative, and of no merit in this appeal.

If we were to accept Crockett & Brown's argument that a judgment on appeal is not final, a plaintiff could clog the courts and harass an adversary with suits on a claim already decided. That is the precise result *res judicata* is designed to prevent.

## 2) *Proper jurisdiction*

Crockett & Brown next contends the Ashley Circuit Court did not have jurisdiction of all of the defendants named in Pulaski Chancery suit, and the Circuit Court order was, for *res judicata* purposes, lacking the jurisdictional element.

For *res judicata* to apply, a claim must have been

litigated on its merits. This presupposes that the court in which a claim is litigated has jurisdiction of those proceedings. This is identical to the requirement of a "valid judgment" for the doctrine of collateral estoppel.

■ Richard Courson sued Randall Averett in Ashley County Circuit Court. The Ashley Circuit Court's jurisdiction of the subject matter of that lawsuit and the parties to it is not questioned. No doubt that Court had the authority to decide Crockett & Brown's motion for fees in that lawsuit. There was thus no jurisdictional defect which would preclude *res judicata* from barring Crockett & Brown's attorney's fee claim with respect to the parties to the Ashley Circuit Court judgment. That conclusion does not answer the argument that the earlier litigation does not bar the claim here against Messrs. Wilson, Corum, and Byrd as well as Allstate Insurance Company. That argument will be addressed below when we discuss the doctrine of collateral estoppel.

### 3) *Same cause of action*

Crockett & Brown alleges its motion in Ashley Circuit Court and its lawsuit in Pulaski Chancery Court are not based on the same cause of action. Crockett & Brown contends that at the time it filed its motion no settlement had been negotiated for Richard Courson, thus the firm had no cause of action against Courson's new attorneys. This argument confuses the requirement of same cause of action with the requirement that both lawsuits involve the same parties or their privies.

■ Crockett & Brown's motion requested an attorney's fee for representing Richard Courson pursuant to Ark. Code Ann. § 16-22-304(b). The Court awarded a reasonable fee pursuant to Ark. Code Ann. § 16-22-303. We upheld the award on appeal but stated § § 16-22-301 to 16-22-304 were not available to Crockett & Brown because of the dismissal for cause. The lawsuit Crockett & Brown filed in Pulaski Chancery Court sought a fee pursuant to those same statutes. These proceedings involve the identical cause of action earlier decided.

### 4) *Same parties or their privies*

Crockett & Brown argues the parties before the Ashley Circuit Court are not the same parties named in the Pulaski Chancery Court lawsuit. Crockett & Brown's original motion was brought in a lawsuit between Richard Courson and Randall Averett. Those parties are named in the Pulaski Chancery Court case. As stated above, *res judicata* bars Crockett & Brown's action in Pulaski County against those parties. Additional defendants are named in the Pulaski Chancery Court suit, Richard Courson's new attorneys and Randall Averett's insurance company.

In response to this argument it is contended that these parties are privies to the original parties for purposes of *res judicata*. We need not address this argument, as the doctrine of collateral estoppel bars the issues presented in Crockett & Brown's lawsuit against the additional parties.

Crockett & Brown's lawsuit seeks attorneys' fees pursuant to §§ 16-22-301 to 16-22-304, the same statutes addressed in the first suit and subsequent appeal. That appeal was based on a motion litigated in Ashley Circuit Court. The Ashley Circuit Court entered an order granting Crockett & Brown a reasonable fee pursuant to § 16-22-303. On appeal we held the statutes did not establish a lien in a case in which the attorneys asserting it had been discharged for cause.

The holding that Crockett & Brown had been discharged for cause and thus was entitled only to a "reasonable fee" rather than a contract fee as provided in the statutes was essential to our ruling in that appeal. Crockett & Brown is thus precluded from relitigating the issue of its fee as the doctrine of collateral estoppel does not require that the same parties be involved.

### 5) *Mootness, abstracting, and sanctions*

In conclusion, we discuss three points raised by the Appellees. They contend the earlier case renders this appeal moot. In view of our conclusions stated above we need not address mootness.

It is contended that Crockett & Brown's abstract does not comply with Ark. Sup. Ct. R. 4-2(b)(2). The abstract is cumber-

some, but we do not find it to be, in the terms of the Rule, "flagrantly deficient."

█ Finally, sanctions are sought against Crockett & Brown for bringing a frivolous appeal not grounded in fact or based on a good faith argument in the law. The only authority cited for the argument is Ark. R. Civ. P. 11 which governs conduct of parties and attorneys in trial courts, *see* Ark. R. Civ. P. 1, and Ark. Model Rules of Professional Conduct 3.1. Although Rule 3.1 may form the basis of a disciplinary action against an attorney, *Dodrill* v. *Executive Director*, 308 Ark. 301, 824 S.W.2d 383 (1992), no case is cited in which we or another court have held a lawyer civilly liable for violation of Rule 3.1, and we decline to do so in this case.

Affirmed.