Debra ROGERS *v.* DARLING STORE FIXTURES

CA 93-349                                              870 S.W.2d 776

Court of Appeals of Arkansas
Division I
Opinion delivered March 2, 1994

*Russell J. Byrne*, for appellant.

*Penix, Penix & Lusby*, by: *Richard Lusby*, for appellee.

MELVIN MAYFIELD, Judge. The claimant Debra Rogers has appealed a decision of the Workers' Compensation Commission. Rogers, a 36-year-old woman with an eighth grade education, worked for appellee as a packer. On July 17, 1989, she reached across a table to pick up a frame and felt a popping, burning sensation in her neck. She reported the injury and went to the doctor the same day. Dr. Mark Baltz prescribed muscle relaxants and kept appellant off work for a few days. She was subsequently returned to work on light duty but none was available, so she went back to packing. Two weeks later she was laid off. After drawing unemployment compensation for five weeks, she reported she was physically unable to work.

Appellant's injury resulted in neck pain, muscle spasms, tension headaches, and depression. Since 1989 appellant has been treated with numerous medications; a great deal of physical therapy; and a TENS unit. Nothing has eased her pain for long. Four different doctors, some who examined appellant at the request of appellee, recommended that appellant go through a program at a chronic-pain clinic where she could receive psychological counseling as well as physical treatment.

The administrative law judge held that appellant was entitled to temporary total disability from the date of her last unemployment compensation through February 20, 1992; all medical expenses; six weeks of temporary total disability while vocational rehabilitation was explored; psychological counseling; and ten percent anatomical disability. Appellee-employer appealed to the full Commission on the grounds that the award of "additional temporary total disability, medical benefits, psychological counseling and other benefits is not supported by a preponderance of the evidence." The Commission affirmed the award of

temporary total disability through February 20, 1992, but said it was improper for the law judge to award such disability while rehabilitation was being explored because "that issue was not before the Administrative Law Judge." The Commission also stated:

> Although it might be argued that we should award expenses for a chronic pain clinic, we find no merit to that argument. Although that was an issue which was raised by the claimant before the Administrative Law Judge, the Administrative Law Judge did not award benefits for a chronic pain clinic. Claimant did not appeal the Administrative Law Judge's decision. Instead, claimant contends in her brief to this Commission that the Administrative Law Judge's opinion should be affirmed in all respects. Given the fact that the claimant did not appeal the issue of the pain clinic, it would not be proper for this Commission to now consider it on appeal.

██ We think the Commission erred in holding that it would not be proper for it to consider the "issue of the pain clinic." The Commission concedes the issue was before the law judge. The employer's notice of appeal stated, in effect, that none of the benefits allowed by the law judge was supported by the evidence. The law judge's opinion noted the pain-clinic issue but found that "this money could best be spent in a program of vocational rehabilitation, reasonable psychological counseling with anti-depressant medication." We agree with the dissenting commissioner who said "instead of awarding benefits for multidisciplined chronic-pain clinic, where psychological and psychiatric counseling would be provided, the administrative law judge simply found that claimant was entitled to a reasonable period of psychological counseling." Therefore, when the employer appealed that holding to the full Commission we think the pain-clinic issue was properly before the Commission. In *White* v. *Air Systems, Inc.*, 33 Ark. App. 56, 800 S.W.2d 726 (1990), we said:

> The Commission's decision to limit review to the second element of the *Shippers* defense was wrong for two reasons. First, the doctrine of res judicata applies only to final orders or adjudications, and the filing of a petition for review with the full Commission within 30 days pre-

vents the order of the administrative law judge from becoming final.

Second, the petition for review filed by the appellees did not limit the issues to be presented to the Commission: instead, the issue before the Commission, as presented in the petition for review, was whether "the findings and award of the administrative law judge are contrary to the law and the evidence." Although the Commission has the statutory authority to require that parties specify all the issues to be presented for review, it also has the statutory duty to decide the issue before it on the basis of the record as a whole, and to decide the facts de novo. The petition for review in the case at bar called into question the administrative law judge's award and all the findings on which it was based. Although the appellant did not file a petition for cross appeal as he was permitted to under Ark. Code Ann. § 11-9-711 (1987), no cross appeal was necessary because the appellant had prevailed before the administrative law judge and sought no affirmative relief before the Commission.

33 Ark. App. at 59-60, 800 S.W.2d at 728 (citations omitted).

In the present case we think the Commission should have considered the pain-clinic issue. Therefore, we reverse and remand this matter to the Commission for further action not inconsistent with this opinion. In that regard we call the Commission's attention to the fact that there are also other issues that may need to be decided on remand. For example, medical expenses, disability for the healing period, and the percent of anatomical disability.

Reversed and remanded.

JENNINGS, C.J. and COOPER, J., agree.