Johnnie L. WILSON *v.* CARGILL, INC.

CA 93-400                                        873 S.W.2d 171

Court of Appeals of Arkansas
Division I
Opinion delivered April 6, 1994

*Woodruff Law Firm*, by: *Marsha C. Woodruff*, for appellant.

*Mashburn & Taylor*, by: *Scott E. Smith* and *Lindlee Baker Norvell*, for appellee.

JAMES R. COOPER, Judge. The appellant appeals from a decision of the Workers' Compensation Commission finding that he failed to prove by a preponderance of the evidence that he is permanently and totally disabled and that he is entitled to a wage loss disability of only twenty percent. For reversal, the appellant contends that the Commission erred in finding that he failed to prove that he is permanently totally disabled, in finding that the doctrine of res judicata applied to a factual finding of the ALJ, and in awarding a wage loss disability of twenty percent. The appellee cross-appeals, contending that the Commission erred in its determination of wage loss disability. Because we agree with the appellant's second contention, we reverse and remand.

The appellant sustained a compensable injury to his back on May 27, 1990, while working for the appellee. Dr. Carl Kendrick diagnosed the appellant as having spondylolysis unilaterally at L5-S1. The appellant was treated conservatively without surgery. He completed a work-hardening program and a functional capacity evaluation. On July 15, 1991, Dr. Susan Raben determined that the appellant had a fifteen percent permanent physical impairment rating. On January 14, 1992, Dr. Ralph G. Laraiso performed a disability determination and gave the appellant an eight percent permanent physical impairment rating. The ALJ found that the appellant was entitled to temporary total disability benefits from May 28, 1990, through July 15, 1991, to a permanent physical impairment rating of eight percent and to wage loss disability of eight percent. The Commission affirmed the ALJ's finding that the appellant failed to prove that he is permanently totally disabled but modified the decision to find that the appellant suffered a loss in wage earning capacity in an amount equal to twenty percent to the body as a whole. In its opinion, the Commission stated:

> The Administrative Law Judge made a specific factual finding that the claimant's anatomical impairment equaled 8% to the body as a whole. Claimant did not appeal that finding; therefore, it is *res judicata* and this Commission is bound by that finding.

The Commission erred in holding that it was bound by the ALJ's factual finding. The Arkansas Workers' Compensation Commission is not an appellate court. *White v. Air Sys-*

*tems, Inc.*, 33 Ark. App. 56, 800 S.W.2d 726 (1990). It is, instead, the fact finder, and as such has a duty and statutory obligation to make specific findings of fact on *de novo* review based on the record as a whole, and to decide the issues before it by determining whether the party having the burden of proof on an issue has established it by a preponderance of the evidence. *Id.* In his notice of appeal to the Commission, the appellant contended that the "decision of the Administrative Law Judge is not supported by substantial evidence and is in fact, contrary to the preponderance of the evidence." Although the Commission has the statutory authority to require that parties specify all the issues to be presented for review, it also has the statutory duty to decide the issues before it on the basis of the record as a whole and to decide the facts *de novo. Id.* Furthermore, the doctrine of res judicata applies only to final orders or adjudications and the filing of a petition for review with the full Commission within thirty days prevents the order of the ALJ from becoming final. *Id.*; Ark. Code Ann. § 11-9-711(a)(1) (1987).

■ In the case at bar, the notice of appeal called into question the ALJ's decision and all the findings on which it was based. Therefore, we believe the Commission should have considered the issue of the appellant's permanent physical impairment rating. *See Rogers* v. *Darling Store Fixtures*, 45 Ark. App. 68, 870 S.W.2d 776 (1994). Accordingly, we reverse and remand to the Commission for further action not inconsistent with this opinion. Given our resolution of this issue, we do not address the other arguments advanced by the appellant since the appellant's physical impairment is an element to be considered in determining the other issues on appeal. *See Glass* v. *Edens*, 233 Ark. 786, 346 S.W.2d 685 (1961).

Reversed and remanded.

JENNINGS, C.J., and MAYFIELD, J., agree.