PINE BLUFF WAREHOUSE and Continental Loss Adjusting Services v. Arlie BERRY and Death and Permanent Total Disability Trust Fund

CA 95-193                                                912 S.W.2d 11

Court of Appeals of Arkansas
Division II
Opinion delivered December 13, 1995

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown*, for appellants.

*David L. Pake*, for appellee Death and Permanent Total Disability Fund.

BRUCE T. BULLION, Special Judge. The claimant in this workers' compensation case, Mr. Arlie Berry, suffered a compensable injury to both legs in March 1988. He filed a claim for benefits asserting that he was permanently totally disabled. The appellants contested this and, after a hearing, the administrative law judge found in an opinion dated September 18, 1992, that the claimant's healing period ended on September 11, 1991, and that the claimant was permanently and totally disabled as a result of his compensable injury. No appeal was taken from this decision. Subsequently, a dispute arose between the appellants and the appellee Death and Permanent Total Disability Trust Fund concerning the date the claimant's healing period ended. After considering arguments from both parties concerning the doctrines of res judicata and collateral estoppel, the Commission found that the unappealed-from decision of September 18, 1992, setting forth the end of the claimant's healing period was final and controlling with respect to the present parties. From that decision, comes this appeal.

For reversal, the appellants contend that the Commission erred in finding that litigation was precluded regarding the end of the claimant's healing period. In addition, the appellants contend that, if litigation is precluded regarding the end of the healing period, then litigation is precluded regarding all aspects of the decision of September 18, 1992. Finally, the appellants contend that the evidence does not support the finding that the claimant's healing period ended on September 11, 1991. We affirm.

We first address the appellant's contention that the Commission erred in finding that further litigation was precluded regarding the end of the claimant's healing period. We note in this regard that the appellants were parties to the litigation which culminated in the decision of September 18, 1992, but that the

appellee Death and Permanent Total Disability Trust Fund did not become involved until afterwards. The date of the healing period's termination is significant with respect to the present parties because it determines the date upon which the Fund may commence taking credit against its maximum obligation to the claimant pursuant to Ark. Code Ann. § 11-9-502(b)(1) (1987).

■ Although the appellant advances arguments relating both to the doctrine of res judicata and to the doctrine of collateral estoppel, we limit our discussion to collateral estoppel because we find it to be determinative. Collateral estoppel, or issue preclusion, bars relitigation of issues of law or fact which were actually litigated in the first suit. *Crockett & Brown, P.A.* v. *Wilson*, 314 Ark. 578, 864 S.W.2d 244 (1993). Four requirements must be satisfied for collateral estoppel to apply: (1) the issue sought to be litigated must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Id.*

■■ We think that the requirements of collateral estoppel have been satisfied in the case at bar. The date on which the claimant's healing period ended was determined by a specific finding in the prior litigation based upon evidence adduced therein. The administrative law judge's order of September 18, 1992, was not appealed by any party within 30 days and therefore became final. *See Rogers* v. *Darling Store Fixtures*, 45 Ark. App. 68, 870 S.W.2d 776 (1994). Furthermore, the determination of the end of the healing period was essential to the judgment because the issue in the prior litigation was whether the claimant was permanently and totally disabled: a finding of permanent impairment necessarily entails a determination of the end of the healing period because permanent impairment is defined in terms of the permanent functional or anatomical loss remaining after the end of the healing period has been reached. *Johnson* v. *General Dynamics*, 46 Ark. App. 188, 878 S.W.2d 411 (1994); *see Thurman* v. *Clarke Industries, Inc.*, 45 Ark. App. 87, 872 S.W.2d 418 (1994).

■■ The appellant also argues that the Fund may not assert res judicata and collateral estoppel because the Fund was not a

party to the earlier proceeding. We do not agree. Identity of parties is not required for the application of the doctrine of collateral estoppel. *Crockett & Brown, P.A.,* v. *Wilson, supra; Fisher* v. *Jones,* 311 Ark. 450, 844 S.W.2d 954 (1993). Furthermore, the key question regarding the application of both res judicata and collateral estoppel is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Cater* v. *Cater,* 311 Ark. 627, 846 S.W.2d 173 (1993). In the case at bar, the earlier decision is being asserted against the appellants, who were in fact parties to the earlier action. Under these circumstances, we hold that the Commission did not err in finding that further litigation was precluded concerning the end of the claimant's healing period.

■ Our resolution of the foregoing issue makes it unnecessary to address the appellant's argument that the evidence does not support a finding that the claimant's healing period ended on September 11, 1992. We note that the appellant has also argued that, if the decision of September 11, 1992, is held to be preclusive with regard to the end of the claimant's healing period, then certain other aspects of that decision should also be binding on the Fund. However, because the Commission's opinion contains no findings relating to the other aspects of the prior decision which are the subject of this argument, the issue is not preserved for appeal and there is nothing before us to review. *See Odom* v. *Tosco Corp.,* 12 Ark. App. 196, 672 S.W.2d 915 (1984).

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.