No. 95-3680

Elise Alexander, Individually,          *
and as Guardian of Larry                *   Appeal from the United States
Alexander, an incompetent               *   District Court for the Eastern
person,                                 *   District of Arkansas.
                                        *
            Appellant,                  *
                                        *
      v.                                *
                                        *
Pathfinder, Inc.; Colleen               *
Black, Executive Director of            *
Pathfinder, Inc., Individually          *
and in her official capacity;           *
Cindy Crook, Administrator of           *
Pathfinder Home, Individually           *
and in her official capacity;           *
and Tom Dalton, in his official         *
capacity as Director of Arkansas *
Department of Human Services,           *
                                        *
            Appellees.                  *

_____

Submitted: May 16, 1996

Filed: July 29, 1996
_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This case arises from a state administrative hearing that permitted the discharge of a mentally retarded man from a care facility. After losing in the hearing, his guardian filed a complaint in federal court, asserting violations of various federal and state laws. The district court found that the entire complaint was subject to dismissal under the doctrines of claim and issue preclusion. We affirm in part, reverse in part, and remand.

Pathfinder, a ten-bed intermediate care facility for the mentally retarded (ICF/MR), discharged Larry Alexander after he had resided there for a number of months. His mother and legal guardian, Elise Alexander, objected to the discharge. An administrative hearing under the authority of the Arkansas Department of Human Services was held to determine the propriety of the discharge, after which the hearing officer issued an opinion justifying his conclusion that Mr. Alexander had been discharged for "medical reasons" (see Arkansas Office of Long-Term Care Regulation 353), and for "good cause" (see 42 C.F.R. § 483.440(b)(4)).

The hearing officer made extensive findings of fact in support of his decision, and we now summarize them. Mr. Alexander has a number of health problems that demand a high level of care, including Down's syndrome with severe retardation, morbid obesity, severe asthma, and sleep apnea. With Ms. Alexander's consent, Mr. Alexander was put on a "behavior modification plan" to control his weight. A few months after Mr. Alexander began to reside at Pathfinder, an incident occurred that suggested that Mr. Alexander might have been beaten. Ms. Alexander complained to Pathfinder but declined to pursue the matter with the police. At some point, Ms. Alexander told Pathfinder that its employees used abusive language and were rude to her. Pathfinder officials began taping Ms. Alexander's telephone calls to Pathfinder with her consent in order to discover which of its employees might have been abusive. Ms. Alexander later withdrew her consent, yet Pathfinder continued to tape the calls.

The hearing officer outlined the level of care that Pathfinder had to provide for Mr. Alexander. A "team" of physicians (including an attending physician who functioned as a "quarterback") had to be available to treat Mr. Alexander for a variety of problems. Mr. Alexander had to take quite a number of

different medications, and had to be monitored to ensure that he did not cease breathing in his sleep. Without consulting a physician, Pathfinder administrators decided that, based on Mr. Alexander's medical diagnoses and what they perceived to be his deteriorating condition, he should be discharged.

In his conclusions of law, the hearing officer decided that the level of care that Mr. Alexander required was too onerous for Pathfinder reasonably to provide. Although Pathfinder violated a state law requirement that it consult a physician before authorizing discharge (it did so later), the hearing officer found that the violation was merely a form of harmless error in light of his own finding that Pathfinder was ill equipped to care for Mr. Alexander properly. The hearing officer also concluded that Pathfinder did not discharge Mr. Alexander as retribution for Ms. Alexander's complaints regarding abuse. He found that despite the disputes between Ms. Alexander and Pathfinder regarding behavior modification plans and the taping of telephone calls, each had Mr. Alexander's interests at heart. There was, he said, no scheme or plan by Pathfinder to make life difficult for Ms. Alexander so that she would voluntarily remove Mr. Alexander from Pathfinder's care.

Rather than appeal the administrative decision, the plaintiffs filed a complaint in federal district court against Pathfinder, two Pathfinder administrators, and Tom Dalton, Director of the Arkansas Department of Human Services. Mr. Alexander asserted violations of his federal constitutional rights under the first amendment, in addition to due process and equal protection claims. He also raised claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq., and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as well as state-law tort claims for invasion of privacy, assault, battery, intentional infliction of emotional distress, and negligence. The due process claims included an allegation that the state had failed to provide a competent hearing officer to preside over the original

-3-

administrative proceeding and that it had made time demands on the officer that interfered with his ability to review the record and make a sound decision. Ms. Alexander asserted violations of her first and fourteenth amendment rights, which appear to amount to a claim that Pathfinder retaliated against her by discharging Mr. Alexander because she exercised her right of free speech by criticizing Pathfinder.

The district court reviewed University of Tennessee v. Elliott, 478 U.S. 788 (1986), and, after giving plaintiffs an opportunity to distinguish its holding, found that they were estopped from litigating their claims in federal court. The court analyzed the plaintiffs' claims under applicable federal regulations, the ADA, and the Rehabilitation Act, finding that the hearing officer's factfinding had necessarily resolved factual issues that formed a predicate for those claims in favor of the defendants. Alexander v. Pathfinder, Inc., 906 F. Supp. 502, 507-08 (E.D. Ark. 1995).

II.

The Alexanders have challenged the district court's preclusion analysis. We begin with Mr. Alexander's claims.

Federal courts must give a state agency's findings of fact the same preclusive effect that those findings would be entitled to in that state's courts, provided that the agency was acting in a judicial capacity, the questions litigated were properly before the agency judge, and the parties had an adequate opportunity to litigate them. Elliott, 478 U.S. at 797-99; Plough v. West Des Moines Community School Dist., 70 F.3d 512, 515-16 (8th Cir. 1995). There is little doubt that all three of these predicates are present here. The hearing officer considered a great deal of evidence in the course of the hearing and rendered a written decision including findings of fact and conclusions of law. The issue of the reasonableness of the discharge was properly before

the hearing officer because a hearing on that issue is provided for under state law. See Ark. Code Ann. § 20-10-1005(a)(2). The parties had ample chance to put on their proof over the course of a proceeding that lasted six days and generated 1,400 pages of transcript and voluminous exhibits.

In Arkansas, issue preclusion bars relitigation of an issue of law or fact that was litigated in the first suit when the issue sought to be precluded is the same as that involved in the prior litigation, was actually litigated, determined by a valid and final judgment, and its determination was essential to the judgment. Crockett & Brown, P.A. v. Wilson, 314 Ark. 578, 581, 864 S.W.2d 244, 246 (1993). Under Arkansas law, an unappealed administrative decision is a final judgment. See Pine Bluff Warehouse v. Berry, 51 Ark. App. 139, 142, 912 S.W.2d 11, 13 (1995). The parties thoroughly litigated the issue of whether the discharge was for medical reasons and good cause, and the hearing officer concluded that it was.

As we have noted, the district court believed that the hearing officer's factfinding necessarily precluded Mr. Alexander's ADA and Rehabilitation Act claims. See Alexander v. Pathfinder, Inc., 906 F. Supp. at 507-08. Mr. Alexander offers almost nothing to refute the district court's conclusions in this regard. He makes no argument that the district court's rejection of the ADA claim is unfounded (and we therefore do not address it), and dedicates only one sentence to arguing that the hearing officer's factfinding does not undermine his Rehabilition Act claim. The Rehabilitation Act requires federally-funded programs to make reasonable accommodations, not fundamental or substantial alterations in the nature of the services that they provide. Alexander v. Choate, 469 U.S. 287, 299 (1985). The hearing officer's findings are replete with instances revealing that Mr. Alexander required a much higher level of care than Pathfinder could reasonably provide. The hearing officer concluded that Mr. Alexander's "physical problems

are many and interrelated. His weight problem, sleep apnea, reflux, asthma, environmental allergies and Barrett's esophagitis -- when considered in toto and in conjunction with his recent medical history -- pose unique daily living problems for which an ICF/MR is ill-equipped to handle." We believe that the hearing officer's findings that caring for Mr. Alexander was more than Pathfinder could reasonably be expected to do rather clearly estops him from asserting a claim under the legal principles outlined in the Rehabilitation Act.

We hold, however, that one of Mr. Alexander's federal claims was not and could not have been litigated at the hearing, namely, the claim that the state (in the person of Mr. Dalton) violated Mr. Alexander's due process rights in failing to provide a competent hearing officer for the administrative hearing and in making unreasonable demands on his time. By hypothesis, the factual basis for this claim could not have been adjudicated in the administrative hearing because the claim could not have finally arisen until that hearing was concluded. The district court thus inappropriately dismissed the claim against Mr. Dalton when it dismissed the entirety of plaintiffs' case on the basis of preclusion. The district court, moreover, never considered Mr. Dalton's separately-made arguments for dismissal. We believe that the district court should pass on the merits of Mr. Dalton's arguments in the first instance. See Moses v. Union Pacific R.R., 64 F.3d 413, 419 (8th Cir. 1995).

The hearing officer made other factual findings that supported his conclusion that Pathfinder discharged Mr. Alexander for medical reasons and for good cause, namely, that Pathfinder did not harass Ms. Alexander to make her remove her son from Pathfinder, and that the discharge was not in retaliation for Ms. Alexander's complaints about her son's care. We believe that these findings preclude further proceedings on Mr. Alexander's state-law claim for the intentional infliction of emotional distress. The hearing officer,

however, made no findings that would appear at this point to preclude his claims of invasion of privacy, assault, battery, and negligence. The district court must therefore address these state law claims in some fashion on remand.

### III.

The complaint sets forth a retaliation claim brought by Ms. Alexander individually. It appears that she took an active role in her son's case and it is reasonable to treat her as a party to the administrative adjudication as a "sponsor" of Mr. Alexander. <u>See</u> Ark. Code Ann. § 20-10-1005(a)(2)(A). She raised and litigated her retaliation argument in an effort to prove that Mr. Alexander's discharge was improper, and the hearing officer made findings of fact and conclusions of law rejecting her allegations. Hence, issue preclusion prevents her from litigating her retaliation claim.

### IV.

Ms. Alexander argues that the district court impermissibly granted summary judgment when it dismissed the lawsuit on the basis of the administrative decision. We find that the district court's use of materials outside the pleadings in resolving to dismiss the complaint, without converting the matter to summary judgment, was harmless error because appellant had an adequate opportunity to respond to the contemplated dismissal, and the existence of the administrative decision was not disputed and it was part of the record. <u>See</u> <u>Dorothy J. v. Little Rock School Dist.</u>, 7 F.3d 729, 733 n. 3 (8th Cir. 1993); <u>Gibb v. Scott</u>, 958 F.2d 814, 816 (8th Cir. 1994). For the foregoing reasons, we affirm the judgment of the district court in part, reverse it in part, and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.